UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
HYUNDAI OF WHITE PLAINS, LLC,

                              Plaintiff,

v.                                                            ORDER

HYUNDAI MOTOR AMERICA                          22-CV-05529 (PMH)
CORPORATION,

                              Defendant.
---------------------------------------------------------X

PHILIP M. HALPERN, United States District Judge:

Hyundai of White Plains, LLC ("Plaintiff"), on or about June 3, 2022, commenced an action in the Supreme Court of the State of New York, County of Westchester, against Hyundai Motor America Corporation ("Defendant") by the service and filing of a Summons and Complaint. (Doc. 1, "Not." ¶ 1; Doc. 1-1). Defendant removed this action from state court on June 29, 2022, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. (Not. at 1).

The basis for removal is the alleged diversity of the parties under 28 U.S.C. § 1332(a). (*Id*. ¶¶ 3-10). Defendant asserts that "complete diversity exists among Plaintiff (New York) and Defendant (California)." (*Id*. at 10). However, Plaintiff here is a limited liability company, and "[w]ith the exception of corporations, the citizenship of business entities is derived from the citizenship of all members of the entity." *Carden v. Arkoma Assocs.*, 494 U.S. 185, 189 (1990); *ICON MW, LLC v. Hofmeister*, 950 F. Supp. 2d 544, 546 (S.D.N.Y. 2013) ("[L]imited liability companies . . . obtain citizenship from each of their members."). According to Defendant, "[t]he members [of Plaintiff] identified as of May 6, 2021 are: Jonathan Grant and Patrick Monninger" and "[a]ny change in Plaintiff's ownership requires the prior written consent of HMA under the

Dealer Agreement. Plaintiff has not notified HMA of any change in ownership since May 2021." (*Id*. ¶ 4). Defendant states that Grant and Monninger are both citizens of New York. (*Id*. ¶¶ 5-6).

However, this bare statement fails to adequately support that the citizenship of all of Plaintiff's members was diverse from Defendant as of the date of removal. The Court, therefore, is unable to conclude that diversity jurisdiction exists under § 1332(a). Accordingly, by 5:00 p.m. on July 8, 2022, Defendant shall file a letter via ECF explaining the basis for their assertion that diversity of citizenship exists and support any factual statements about Plaintiff's membership with an affidavit from a person with personal knowledge of such. Defendant is directed to serve a copy of this Order on Plaintiff via e-mail to its counsel.

**SO-ORDERED:**

Dated:  White Plains, New York
　　　　July 5, 2022

_____
Philip M. Halpern
United States District Judge